FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 29 2021

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM QUINN, Individually and on
Behalf of All Others Similarly Situated**                               **PLAINTIFF**

vs.                              No. 3:21-cv-31-BSM

**SPIRIT MANUFACTURING, INC.**                                          **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff William Quinn ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Spirit Manufacturing, Inc. ("Defendant"), he states and alleges as follows:

**I.   PRELIMINARY STATEMENTS**

1.  This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA").

2.  Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Ray_

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Northern Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Craighead County.

7. Defendant Spirit Manufacturing, Inc. ("Spirit Manufacturing"), is a domestic for-profit corporation.

8. Spirit Manufacturing's registered agent for service of process is Rhonda G. Smiley, at 3000 Nestle Road, Jonesboro, Arkansas 72401.

9. Defendant maintains a website at https://www.spiritfitness.com/.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as fitness equipment.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant's primary business is manufacturing and distributing fitness equipment.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

17. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

18. Specifically, Defendant employed Plaintiff as an hourly-paid Technical Support Specialist from January of 2019 until January of 2021.

19. Plaintiff worked at Defendant's location in Jonesboro.

20. Defendant also employed other hourly-paid Technical Support Specialists.

21. Plaintiff was primarily responsible for warrantees and sales, and troubleshooting issues for clients over the phone.

22. Other Technical Support Specialists had the same or similar duties as Plaintiff.

23. Defendant directly hired Plaintiff and other Technical Support Specialists, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. In addition to his hourly wage, Plaintiff received commissions for making sales.

25. Other Technical Support Specialists also received commissions for making sales.

26. In addition to his hourly wage and commission pay, Plaintiff received bonuses based on attendance.

27. Plaintiff received a bonus of $1.00 per each hour worked during months that he met certain attendance goals ("attendance bonus").

28. Other Technical Support Specialists also received attendance bonuses.

29. These attendance bonuses were nondiscretionary because Defendant informed Technical Support Specialists of the bonuses upon hiring, the Technical Support Specialists expected to receive these bonuses and did in fact receive the bonuses on a regular basis.

30. Plaintiff and other Technical Support Specialists regularly worked in excess of forty hours per week throughout their tenure with Defendant.

31. Plaintiff and other Technical Support Specialists were paid 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

32. However, Defendant did not include the commissions or bonuses that were paid to Plaintiff and other Technical Support Specialists in their regular rates when calculating their overtime pay even though Plaintiff and other Technical Support

Specialists received commissions and bonuses in pay periods in which they also worked in excess of forty hours per week.

33. Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

34. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35. Defendant violated the FLSA and AMWA by not including all forms of compensation, such as commissions and non-discretionary bonuses, in Plaintiff's and other Technical Support Specialists' regular rate when calculating their overtime pay.

36. Upon information and belief, Defendant's pay practices were the same for all Technical Support Specialists who received commissions.

37. Because of the volume of work required to perform their jobs, Plaintiff and other Technical Support Specialists consistently worked in excess of forty hours per week.

38. Defendant required Plaintiff to clock in before the start of his shift, but did not pay Plaintiff for his time until his shift actually started.

39. Similarly, Plaintiff was occasionally in the middle of a phone call and was unable to clock out exactly when his shift ended, but Defendant clocked Plaintiff out at the time his shift was scheduled to end.

40. Other Technical Support Specialists were also subject to Defendant's time shaving practices.

41. Defendant knew or should have known that Plaintiff and other Technical Support Specialists were working hours which went unrecorded and uncompensated.

42. Defendant knew, or showed reckless disregard for, whether the way it paid Plaintiff and other Technical Support Specialists violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Technical Support Specialists who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A.   Overtime premiums for all hours worked over forty in any week;

   B.   Liquidated damages; and

   C.   Attorney's fees and costs.

45. Plaintiff proposes the following class under the FLSA:

> **All Technical Support Specialists who received a commission, attendance bonus or profit-sharing bonus in connection with work performed in at least one week in which they worked over forty hours within the past three years.**

46. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

48. The members of the proposed FLSA class are similarly situated in that they share these traits:

A. They were paid hourly;

B. They received commissions;

C. They received nondiscretionary attendance bonuses;

D. They worked over forty hours in at least one week in which they performed work related to a commission or a bonus;

E. They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week; and

F. They had the same or substantially similar job duties and requirements.

49. Plaintiff is unable to state the exact number of the class but believes that the class exceeds twenty persons.

50. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

51. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

52. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

### VI. FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

56. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

57. Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

58. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x his regular rate for all hours worked in excess of 40 per week.

59. Defendant knew or should have known that its actions violated the FLSA.

60. Defendant's conduct and practices, as described above, were willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

62. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

65. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

66. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

67. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

69. Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

70. Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

71. Defendant knew or should have known that its actions violated the FLSA.

72. Defendant's conduct and practices, as described above, were willful.

73. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

74. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

76. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq*.

78. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

79. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

80. Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

81. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

82. Defendant knew or should have known that its practices violated the AMWA.

83. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff William Quinn, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.  Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

D.  Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA, and their related regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**WILLIAM QUINN, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**WILLIAM QUINN, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 3:21-cv-\_\_\_\_

**SPIRIT MANUFACTURING, INC.**            **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

      I was employed as an hourly Technical Support Specialist for Spirit Manufacturing, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

                                                       _/s/ William Quinn_
                                                       **WILLIAM QUINN**
                                                       January 29, 2021

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**Kirkpatrick Plaza**
**10800 Financial Centre Parkway, Suite 510**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**